Jones, J.
Unless the defendant is entitled to a bill of particulars, he cannot have a stay for the purpose of having a bill served before the examination proceeds.
There seems to be some misapprehension on the subject of the right of a defendant to a bill of particulars. A defendant is not (as some suppose) entitled of course to a bill of particulars, in all cases.
Section 158 of the Code prescribes in what cases, and how, a bill of particulars may be obtained. By that section a broad distinction is drawn between one class of actions, and all other actions. In that one class of actions the defendant may demand a copy of the account; while in all other actions' a bill of particulars can only be obtained by special order of the court.
In this case no special order has been made. If then the action does not fall within the class in which the defendant may demand a bill, he is not entitled to it under his simple demand.
The class of actions in which the defendant may of course demand a bill of particulars consists of those where the cause of action alleged in the pleading is "an account against the adverse party, the items of which have not been set forth in the pleading. This is apparent from the language of the section, which is: “It shall not be necessary for a party to set forth, in a pleading, the items of an account therein alleged; but” (in case he does not set them forth, and there is no prohibition against his so doing if he sees fit) “ he shall deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account,” that is, of the account alleged in the pleading. The section then provides: “And the "court may in all cases *557 order a bill of particulars of the claim of either party to be furnished.”
The complaint in this case, if it can be said to allege an account against the defendant, sets forth the items thereof. The gist of the cause of action is that the defendant made a certain agreement with the plaintiff’s assignor; that he has broken that agreement by not delivering a specified number of bonds which he has received, and should, under that agreement, deliver to the plaintiff. The agreement, the receipt of the bonds by the defendant, the number of bonds which the plaintiff claims, and a particular description thereof, and the refusal of the defendant to deliver them, are all fully set forth in the complaint Being thus fully set forth, a bill of particulars cannot be demanded as of course.
Judging, however, from the notice of the motion to make the complaint more definite, I apprehend that 'what the defendant desires are the particulars of the claim of the plaintiff’s assignor against the company. With this I think he has no concern. The statement in the complaint of the existence of that claim is mere inducement leading up to the contract. It is wholly immaterial what that claim consisted of, or how it arose. The defendant made a certain specific agreement, and this agreement he must perform irrespective of the nature or particulars or amount of the claim of the plaintiff’s assignor against the company, unless he can avoid that agreement by reason of fraudulent representations made by the plaintiff’s assignor. This may be the intention of the defendant, and he may desire to obtain other particulars for the purpose of enabling him to establish one of the elements of that defense. It is not, however, the office of a bill of particulars to furnish a defendant with facts whereon to found an affirmative defense in his behalf; but simply when he is called on to pay an account, stated generally in the complaint as *558 amounting to a certain sum, to give Mm the particular items of that account, so that he may determine as to the correctness of the account; as to what items he will admit, and as to what he will insist on the plaintiffs proving affirmatively; and also that he may know what he will have to contend with on the trial, and also that the general pleading, aided by the bill. of particulars, will, in the event of a subsequent action between the same parties, show what items were disposed of in the former action/
' In the present case, unless the defendant puts in a defense of fraud, the court on the trial would not permit the plaintiff, nor allow the defendant, to enter into proof as to the amount or nature or particulars of the claim in question; and even if the defendant pleaded fraud, the plaintiff would not be bound to go into proof as to the nature, amount or particulars of that claim, but the defendant would be obliged to prove affirmatively, on his behalf, that the plaintiff made certain representations as to the claim, and then that such representations were false; in doing which he might, perhaps, be obliged to go into the particulars of the claim.
Whether the defendant intends to put in a defense of fraud, or whether such defense can- be sustained in law or in fact, I, of course, am unable to determine ; but if he does so intend, and is by this means seeking a discovery of facts bearing on such defense, he has pursued the wrong course.
In no aspect of the case can the allegation in the complaint, of a claim by the plaintiff’s assignor against the company, be regarded as coming within the words “ account therein alleged,” contained in section 138. " .
By his notice • of motion to make the complaint more definite, the defendant ’desired to be informed as to the time wrhen a certain contract and an assignment were, *559 made, and as he failed to obtain it on that motion we may presume he seeks to get it by a bill of particulars..
That motion was the proper course to pursue to obtain this information, but the judge who decided the motion determined that under the circumstances of the case he was not entitled to it. That decision cannot be interfered with here. Although he failed in acquiring the desired information by that motion, yet he cannot get it by a mere demand of a bill of particulars, because the bare statement of the time when an instrument or an agreement was made cannot be said to be items of an account, a copy of which is to be delivered on, demand.
The defendant’s counsel, however, claims that no. examination can be had until after issue joined. The case of McVickar v. Ketcham, decided at a general term of this court, (1 Abb. N. S. 452,) decides this proposition against him.
It may be that, pending the examination, the court has power so to control it as to meet the various objections urged against the propriety of allowing such examination before issue joined. But whatever may be the power of the court to control and direct the course of such examination, the right to such examination before issue joined is declared by the general term of this court, in the above cited case, to be absolute, and a refusal thereof not to be in the discretion of the court.
The only remaining point urged by the defendant is that the order of May 3d, appointing a day for proceeding with the examination of the defendant,"and requiring the defendant to appear on such day for examination, was inoperative, because it was made before the order denying the motion to make the-complaint more definite was actually entered with the clerk. .
The pendency of that motion did not of itself prevent the plaintiff from proceeding on the examination; conse *560 quently its non-decision, or the non-entry of the order upon the decision, can have no effect on'the plaintiff’s right to proceed.
But there was also an ex parte order made, requiring the plaintiff to show cause why the plaintiff’s proceeding on that examination should not be stayed until the hearing and decision of the motion to make the complaint more definite, with a temporary stay. The mere pendency of the motion for a stay did not affect the plaintiff’s right to proceed. 'If his right was affected at all, it must be by reason of the temporary stay contained in the order to show cause. How as to this: the motion to make the complaint more definite, and that for a stay of the plaintiff’s proceedings, came on to be heard together, before the judge who-granted the order to show cause why the plaintiff’s proceedings should not be stayed, with the temporary stay. He denied both motions, and" thereafter granted the order in question. He, having granted the stay, had the power to vacate it ex parte; and as he made this order with full knowledge of all the facts on which he ordered a stay, the making of the order must be regarded as an ex parte vacatur of the stay theretofore granted by him.
As there can be- no pretense that the plaintiff was guilty of any irregularity otherwise than by proceeding while under a stay, and as it has been shown -that the stay must be regarded as vacated, the defendant’s objection on this ground must fall.
The motion must be granted, with $10 costs; and if the proceedings for the examination of the defendant have not been kept alive by adjournment, he must attend at a time and place to be fixed, to be examined as a witness in the cause.